IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CARMONA,

      Plaintiff,                      No. 2:10-cv-0898 KJN P

    vs.

N. GRANNIS, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

1  make monthly payments of twenty percent of the preceding month's income credited to
2  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to
3  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
4  fee is paid in full.  28 U.S.C. § 1915(b)(2).
5         The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1),(2).
11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.
18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
22 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
23 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
24 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
25 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
26 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>id</u>., and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Plaintiff alleges that in September 2008, prison officials refused to grant plaintiff's repeated requests to be moved to another cell in order to escape the alleged drunkenness and violence of his cell mate, thus failing to protect plaintiff from serious injury, and compromising plaintiff's rights in favor of "forced cell integration."  The only option offered plaintiff was to voluntarily accept placement in administrative segregation.  Plaintiff alleges that on September 22, 2008, plaintiff was assaulted by his "drunk cell mate" and thus, when prison officials came to the cell, plaintiff "exited the cell and ran down the tier."  However, plaintiff complains that he was unfairly issued a disciplinary report for "mutual combat."  (Dkt. No. 1, at 4-5.)  While plaintiff alleges that the "forced integration program" is contrary to "the <u>Johnson</u> decision" (<u>id</u>. at 5), presumably <u>Johnson v. California</u>, 543 U.S. 499 (2005) (holding that all state-imposed racial classifications must be analyzed under strict scrutiny), plaintiff makes no allegations relative to his race or that of his cellmate(s).  Nor does plaintiff assert any legal claims.  Plaintiff's current placement is not clear from the complaint, and the only relief sought by plaintiff is monetary damages.

The court finds the allegations in plaintiff's complaint so vague that it is unable to determine whether the current action states a potentially cognizable claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claims plainly and succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's legal claims.  <u>Id</u>.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

3

1  8(a)(2), or to state, even implicitly, a potentially cognizable federal claim, the complaint must be
2  dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.
3           If plaintiff chooses to amend the complaint, he must demonstrate how the
4  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo
5  v. Goode, 423 U.S. 362, 371 (1976).  The complaint must allege in specific terms how each
6  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there
7  is some affirmative link or connection between a defendant's actions and the claimed
8  deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
9  F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil
10 rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
11          In addition, should plaintiff file an amended complaint, the court cannot refer to a
12 prior pleading in order to construe plaintiff's amended complaint.  Local Rule 220 requires that
13 an amended complaint be complete in itself without reference to any prior pleading.  See also
14 Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes the original
15 complaint).  Once plaintiff files an amended complaint, the original pleading no longer serves
16 any function in the case.  Therefore, in an amended complaint, as in an original complaint, each
17 claim and the involvement of each defendant must be sufficiently alleged.
18          In accordance with the above, IT IS HEREBY ORDERED that:
19          1. Plaintiff's request for leave to proceed in forma pauperis (Dkt. No. 2) is
20 granted.
21          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
22 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
23 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
24 Director of the California Department of Corrections and Rehabilitation filed concurrently
25 herewith.
26          3. Plaintiff's complaint (Dkt. No. 1) is dismissed.

1          4. Within thirty days from the date of this order, plaintiff shall complete the
2  attached Notice of Amendment and submit the following documents to the court:
3          a. The completed Notice of Amendment; and
4          b. An original and one copy of the Amended Complaint.
5  Plaintiff's Amended Complaint shall comply with the requirements of the Civil Rights Act, the
6  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The Amended Complaint
7  must also bear the docket number assigned to this case and be labeled "Amended Complaint."
8  Failure to file an Amended Complaint in accordance with this order may result in the dismissal
9  of this action.
10  DATED:   December 2, 2010

                                              _____
                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

carm0898.14new.kjn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CARMONA,

        Plaintiff,            No. 2:10-cv-0898 KJN P

    vs.

N. GRANNIS, et al.,

        Defendants.       <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

_____        _____
Date                                        Plaintiff

6