IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CARMONA,

        Plaintiff,                    No. 2:10-cv-0898 KJN P

      vs.

N. GRANNIS, et al.,

        Defendants.           ORDER

_____/

I.  Introduction

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. Plaintiff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983, is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

6  Cir. 1989); Franklin, 745 F.2d at 1227.

7          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

8  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

9  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

10 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

11 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more

12 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

13 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.

14 However, "[s]pecific facts are not necessary; the statement [of facts] need only give the

15 defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v.

16 Pardus, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).  In reviewing a

17 complaint under this standard, the court must accept as true the allegations of the complaint in

18 question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.

19 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20         Plaintiff names seven individuals as defendants, and alleges certain defendants

21 failed to protect plaintiff from an allegedly violent cellmate, and appears to also allege unsafe

22 living conditions.

23         Plaintiff identifies defendant Grannis as the chief of Inmate Appeals.  However,

24 prisoners have no stand-alone due process rights related to the administrative grievance process.

25 See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d

26 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific

2

1  grievance process).  Put another way, prison officials are not required under federal law to

2  process inmate grievances in a specific way or to respond to them in a favorable manner.

3  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable

4  civil rights claim for a violation of his due process rights based on allegations that prison officials

5  ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203

6  at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his

7  inmate appeals failed to state a cognizable claim under the First Amendment); Walker v.

8  Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison

9  officials failed to timely process his inmate appeals failed to a state cognizable under the

10  Fourteenth Amendment).

11            Plaintiff identifies defendant Martel as the warden, and defendants Barroga and

12  Kaplan as a lieutenant and captain, respectively.

13            The Civil Rights Act under which this action was filed provides as follows:

14            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
15            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
16            law, suit in equity, or other proper proceeding for redress.

17  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

19  Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

20  § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

21  (no affirmative link between the incidents of police misconduct and the adoption of any plan or

22  policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

23  another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

24  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

25  legally required to do that causes the deprivation of which complaint is made."  Johnson v.

26  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Moreover, supervisory personnel are generally not liable under § 1983 for the

2 actions of their employees under a theory of respondeat superior and, therefore, when a named

3 defendant holds a supervisorial position, the causal link between him and the claimed

4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

5 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

6 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

7 there is no evidence of personal participation).  Vague and conclusory allegations concerning the

8 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

9 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

10 personal participation is insufficient).

11    Thus, unless plaintiff can demonstrate that defendants Martel, Barroga or Kaplan

12 were personally connected to the alleged constitutional deprivation, plaintiff should not include

13 these defendants in any second amended complaint.

14    Moreover, in connection with defendants Grannis, Barroga, Kaplan or Martel,

15 plaintiff included no charging allegations as to each of these defendants.  Plaintiff must allege

16 specific facts linking or connecting each defendant to the alleged constitutional violation.

17    The amended complaint does provide specific factual allegations as to defendants

18 Norman, D'Alessandro, and Bradley.

19    It is well established that a prison official's deliberate indifference to a substantial

20 risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

21 Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S.

22 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97,

23 104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that

24 translates into constitutional liability for prison officials responsible for the victim's safety."

25 Farmer, 511 U.S. at 834.  There are objective and subjective requirements which must be met to

26 prevail on such an Eighth Amendment claim.  First, for the objective requirement, "the inmate

4

1   must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id.

2   Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state

3   of mind is one of deliberate indifference. See id. A prison official who knows of and disregards

4   an excessive risk to an inmate's health or safety demonstrates deliberate indifference. See id. at

5   837. Thus, "the official must both be aware of facts from which the inference could be drawn

6   that a substantial risk of serious harm exists, and he must also draw that inference." Id.

7   However, an official who knows of a substantial risk to an inmate's health or safety but acts

8   reasonably under the circumstances will not be held liable under the cruel and unusual

9   punishment clause, even if the threatened harm results. See id. at 843.

10           "The Eighth Amendment's prohibition against cruel and unusual punishment

11   protects prisoners not only from inhumane methods of punishment but also from inhumane

12   conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

13   Extreme deprivations are required to make out a conditions of confinement claim, and only those

14   deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

15   form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

16   Prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v.

17   Chapman, 452 U.S. 337, 347 (1981). Similar to the standards set forth above, where a prisoner

18   alleges injuries stemming from unsafe conditions of confinement, prison officials may be held

19   liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost

20   v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Farmer, 511 U.S. at 847. Here, the objective

21   prong requires that the alleged deprivation be, in objective terms, "sufficiently serious." Id. at

22   834. Under the subjective prong, the prison official must "know of and disregard an excessive

23   risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the

24   Eighth Amendment for denying humane conditions of confinement only if he knows that inmates

25   face a substantial risk of harm and disregards that risk by failing to take reasonable measures to

26   abate it." Id. at 835. Deliberate indifference is the reckless disregard of a substantial risk of

5

1   serious harm.  See Farmer, 511 U.S. at 836.  Mere negligence is insufficient to establish

2   deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of

3   due care for the prisoner's interests or safety.'"  Id., 511 U.S. at 835 (quoting Whitley v. Albers,

4   475 U.S. 312, 319 (1986)).  The defendant's conduct must have been wanton.  Farmer, 511 U.S.

5   at 835; Frost, 152 F.3d at 1128.

6               Plaintiff alleges that on September 8, 2008, plaintiff gave a request for an

7   emergency cell move to defendant Norman, who responded by telling plaintiff that Norman

8   "can't do nothing for you, you have to work through third watch correctional officers."  (Dkt. No.

9   13 at 4.)  The reason for the cell move is documented as "not compatible with current cellie."

10  (Dkt. No. 13 at 8.)  Defendant Norman's response on September 8, 2008, does not evidence

11  deliberate indifference.  Although plaintiff alleges that defendant Norman was aware that in

12  months past, plaintiff's cellmate was caught and cited for drinking pruno, plaintiff alleges no

13  facts demonstrating defendant Norman was aware that plaintiff's cellmate posed a substantial

14  risk of serious harm to plaintiff.  Without more, plaintiff fails to state a cognizable constitutional

15  violation by defendant Norman.

16              Plaintiff alleges that on September 8, 2008, he presented his emergency request

17  for cell move to defendant D'Alessandro, who initially approved it.  (Dkt. No. 13 at 4.)  The

18  request for cell move, initially dated September 7, 2008, is signed by defendant D'Alessandro

19  and marked "granted."  (Dkt. No. 13 at 8.)  However, plaintiff alleges that defendant

20  D'Alessandro later returned and informed plaintiff that the request for cell move was denied.

21  (Dkt. No. 13 at 4.)  Plaintiff was told the reason for the denial was that "no more convenience

22  moves [were] allowed  . . . and that forced in-cell was now allowed."  (Dkt. No. 13 at 4-5.)

23  These factual allegations do not state a cognizable civil rights claim against defendant

24  D'Alessandro.  First, plaintiff has provided evidence that defendant D'Alessandro initially

25  granted plaintiff's request.  Although the request was later denied, plaintiff alleges no facts

26  demonstrating that it was defendant D'Alessandro, rather than another officer, who subsequently

1   denied the request.  Second, as noted above, the request for cell move presented to defendant

2   D'Alessandro does not indicate plaintiff was concerned for his safety, or that plaintiff's cellmate

3   was acting violently toward plaintiff; rather, it states that plaintiff was "not compatible with [his]

4   current cellie." (Dkt. No. 13 at 8.)  Indeed, plaintiff alleges that it was only after the emergency

5   cell move was denied that plaintiff's cellmate became "more hostile" toward plaintiff. (Dkt. No.

6   13 at 5.)  Thus, plaintiff fails to state a cognizable claim against defendant D'Alessandro.

7           At some point later that week, plaintiff "sought relief" from defendant Bradley,

8   who initially told plaintiff that if he took a CDC-115 and ended up in administrative segregation,

9   Bradley may be able to get plaintiff out of that cell. (Dkt. No. 13 at 5.)  Despite telling plaintiff

10  this, however, defendant Bradley contacted his supervisor on two separate occasions in an effort

11  to assist plaintiff in obtaining a cell move.  Defendant Bradley allegedly told plaintiff he was

12  sorry, but that Bradley couldn't help plaintiff, and told plaintiff to return to his cell. (Id.)

13  Plaintiff does not allege that he informed defendant Bradley that plaintiff's cellmate had become

14  more hostile since the emergency move was denied, or that plaintiff feared for his safety as he

15  believed his cellmate posed a danger.  If plaintiff can allege facts demonstrating defendant

16  Bradley was aware that plaintiff's cellmate posed a danger to plaintiff, plaintiff may be able to

17  amend to state a cognizable claim against defendant Bradley.

18          Moreover, plaintiff provided copies of the requests for cell move, and none of

19  them indicate a threat of violence existed. (Dkt. No. 13 at 8-9.)  The first request for cell move,

20  dated September 7, 2008, states that the reason for the request for cell move was "not compatible

21  with current cellie." (Dkt. No. 13 at 8.)  The suggestion/ complaint form submitted to the Men's

22  Advisory Council on September 12, 2008, and also bearing the date September 8, 2008, states

23  plaintiff has "had a lot of problems with [his] cellie," and claims the cellie's behavior was not the

24  only problem, but that the cellie is infected with Hepatitis C and plaintiff was afraid he would

25  contract it from the cellie. (Dkt. No. 13 at 9.)  Plaintiff claims his prior efforts to obtain a cell

26  move were "neglected." (Id.)  However, there is no mention that plaintiff feared his cellmate, or

7

1   that his cellmate posed a danger of violence to plaintiff.  (Id.)  The court may disregard

2   allegations contradicted by the complaint's attached exhibits.  Durning v. First Boston Corp., 815

3   F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th

4   Cir. 1998).

5            Thus, plaintiff's allegations, without more, are insufficient to demonstrate that

6   defendants Norman, Barroga, or Bradley were deliberately indifferent to plaintiff's health and

7   safety, or failed to protect plaintiff from a cellmate known to pose a danger to plaintiff.  Thus,

8   plaintiff's amended complaint is dismissed.  In an abundance of caution, plaintiff is granted one

9   final opportunity to file a second amended complaint that states a cognizable civil rights claim.

10            If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

11   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

12   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

13   must allege in specific terms how each named defendant is involved.  There can be no liability

14   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

15   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

16   633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17   Furthermore, vague and conclusory allegations of official participation in civil rights violations

18   are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20   order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

21   amended complaint be complete in itself without reference to any prior pleading.  This

22   requirement is because, as a general rule, an amended complaint supersedes the original

23   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second

24   amended complaint, the original pleading no longer serves any function in the case.  Therefore,

25   in a second amended complaint, as in an original complaint, each claim and the involvement of

26   each defendant must be sufficiently alleged.

8

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's amended complaint is dismissed; and

3        2.  Within thirty days from the date of this order, plaintiff shall complete the

4  attached Notice of Amendment and submit the following documents to the court:

5            a.  The completed Notice of Amendment; and

6            b.  An original and one copy of the Second Amended Complaint.

7  Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights

8  Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

9  complaint must bear the docket number assigned this case and must be labeled "Second

10  Amended Complaint"; failure to file a second amended complaint in accordance with this order

11  may result in the dismissal of this action.

12  DATED:  May 18, 2012

13

14                                                _____
                                                  KENDALL J. NEWMAN

15                                                UNITED STATES MAGISTRATE JUDGE

16  carm0898.14

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUIS CARMONA,

11            Plaintiff,                    No. 2:10-cv-0898 KJN P

12        vs.

13   N. GRANNIS, et al.,                    NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Second Amended Complaint

19   DATED:

20

21                                         _____

                                           Plaintiff
22

23

24

25

26