UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS CARMONA,

Plaintiff,

v.

D'ALESSANDRO,

Defendant.

No. 2:10-cv-0898 KJM KJN P

ORDER

I. Introduction

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment on January 14, 2015. On June 1, 2015, plaintiff filed a document styled, "Declaration of Unavailable Facts Essential to Justify Opposition," which the undersigned construed as a request for additional discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. On June 23, 2015, defendant filed an opposition to plaintiff's request. Plaintiff has not filed a reply. For the reasons set forth below, the undersigned denies plaintiff's request and grants him one final extension of time in which to oppose the motion for summary judgment.

II. Rule 56(d) Request

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional

discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

In his Rule 56(d) request, plaintiff states that he seeks interrogatories from each of the witnesses who submitted declarations in support of the pending motion; production of documents consisting of those pages from plaintiff's deposition that were not included in defendant's Exhibit A, interrogatories of Deputy Attorney General Seals, defendant's former attorney, regarding pleadings previously filed with the court, including an explanation of how counsel knew plaintiff's credits were restored, and "other documents in this case." (ECF No. 66 at 4.)

First, there is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript. See 28 U.S.C. § 1915(d). See also Whittenberg v. Roll, 2006 WL 657381 at *5 (E.D. Cal. Mar.15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge).

Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by different method. Id. The officer must also provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. Id. Thus, the court will not order defense counsel or the defendant to provide plaintiff with a copy of his deposition transcript. Plaintiff must obtain it from the officer before whom the deposition was taken on September 12, 2014. See Boston v. Garcia, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript). The record reflects that plaintiff was provided with those portions of the deposition transcript upon which defendant relies in the pending motion for summary judgment. (ECF No. 51-1.)

Second, in his Rule 56(d) request, plaintiff does not demonstrate how any additional discovery would provide specific facts that would preclude summary judgment, or how such facts would be essential to oppose the pending motion for summary judgment. Plaintiff did not provide a copy of the proposed interrogatories he would propound to the witnesses. Plaintiff does not identify what facts he hopes to elicit from such interrogatories, or show that those facts would raise an issue of material fact. Thus, plaintiff has not met his burden in seeking relief under Rule 56(d).

Third, plaintiff's request to propound interrogatories or seek documents from defendant's former counsel is inappropriate. Defendant's counsel is not a party to this action, and Rule 33 and Rule 34 of the Federal Rules of Civil Procedures only permits interrogatories and requests for production of documents to be propounded to parties. Id.

Finally, defendant argues that plaintiff failed to diligently seek discovery in this action. (ECF No. 69 at 4.) Plaintiff served one request for production of documents, to which defendant responded, and one untimely request for admissions. (ECF Nos. 69 at 4; 70.) Defendant wrote plaintiff a letter stating no response was required because the request for admissions was propounded after the August 15, 2014 discovery deadline passed. (Id.) Plaintiff served no interrogatories or other discovery requests prior to the expiration of the discovery deadline. (Id.)

In his request, plaintiff fails to explain why he did not propound interrogatories to witnesses or other pertinent discovery requests prior to the discovery deadline. In addition, aside from his lack of diligence prior to the discovery deadline, plaintiff fails to explain why he only recently filed his Rule 56(d) request. Defendant's motion for summary judgment was filed on January 14, 2015. Subsequently, plaintiff sought two extensions of time in which to file his opposition, and in neither request did he seek leave to conduct additional discovery. (ECF Nos. 59, 62.) Rather, it was not until plaintiff was warned that his failure to oppose the motion may result in the dismissal of this action (ECF No. 65) that plaintiff filed his Rule 56(d) request. Plaintiff filed no reply to explain the lack of diligence identified by defendant in the opposition. On this record, the undersigned cannot find that plaintiff diligently sought discovery.

For all of the above reasons, plaintiff is not entitled to a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d).

III. Final Extension of Time

Defendant's dispositive motion has been pending since January 14, 2015. Despite being granted three extensions of time to oppose the motion, plaintiff has failed to do so. (ECF Nos. 61, 63, 65.) By order filed May 7, 2015, plaintiff was warned that failure to file an opposition would result in a recommendation that this action be dismissed. (ECF No. 65.) In light of the pendency of plaintiff's Rule 56(d) request, plaintiff is granted one final extension of time in which to file an opposition. However, because plaintiff will have had over six months in which to prepare his opposition, no further extensions of time will be granted for any reason. If plaintiff fails to timely file an opposition in response to this order, the undersigned will recommend that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 1, 2015 filing (ECF No. 66), construed as a Rule 56(d) request, is denied; and

2. Plaintiff is granted fourteen days from the date of this order in which to file an opposition to the motion for summary judgment. No further extension of time will be granted. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: July 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carm0898.56d

Id.